1  David W. Baumgarten, Esq. SBN 179574
   baum@yblaw.com
2  YALE & BAUMGARTEN LLP
   1450 Frazee, Suite 403
3  San Diego, California 92108
   Tel. (619) 220-8790
4
5  Anthony G. Joseph, Esq., Pro Hac Vice Admission pending
   Erin E. Masters, Esq., Pro Hac Vice Admission pending
6  Hailey M. McGillivray, Esq., Pro Hac Vice Admission pending
   MASTERS LAW GROUP, LLC
7  110 North Wacker Drive, Suite 2500
   Chicago, Illinois 60606
8  Phone: (312) 609-1700

   Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| CLAUDIA CIAMPA, | CASE NO. 24-cv-2556 |
| Petitioner, | **NOTICE OF REMOVAL** |
| v. | |
| ERIC HOWARD NICHOLS, | |
| Respondent. | |

TO ALL PARTIES, THEIR ATTORNEYS OF RECORD IN THIS ACTION AND THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. section 1441, the respondent, Eric Howard Nichols ("Respondent"), hereby removes to the United States District Court for the Central District of California, Southern Division, that certain state court action in the Superior Court of the State of California, County of Orange, styled Ciampa v. Nichols, OCSC case no. 24FL001162, as set forth hereinbelow.

## INTRODUCTION

1. On October 24, 2024, the Petitioner, Claudia Ciampa ("Petitioner"). Through the District Attorney of the County of Orange, filed an action against Respondent in the Superior Court of the State of California in and for the County of Orange (the "State Court"). The action is titled Petition Under the Hague Convention, for (1) Protective Custody Warrant for Ethan Joseph Nichols, Minor Child and (2) the Return of Ethan Joseph Nichols to Italy; Declaration of Investigator Nathan Ridlon in Support Thereof, Case No. 24FL001162 (the "State Court Hague Case").[1]

2. The State Court Hague Case is an international treaty action filed under the 1980 Hague Convention on the Civil Aspects of International Child Abduction (the "Treaty"), and the federal International Child Abduction Remedies Act ("ICARA"). T.I.A.S. No. 11670 at 1, 22514 U.N.T.S. at 98, *reprinted* in 51 Fed. Reg. 10493 (1986); and 22 U.S.C. §9001 *et seq*. (ICARA). (See Treaty attached as **Exhibit A**).

3. On October 24, 2024, the State Court entered an Emergency Ex Parte Order issuing a Protective Custody Warrant for the Minor Child, E.J.N., born February 13, 2024.

4. Respondent was never served anything including the summons, the Petition for Return, or any other pleadings, papers or orders in the State Court Hague Case on the Respondent until November 19, 2024, when various members of the Sheriff's Department of Orange County hand-delivered said documents to him.

5. Respondent was never aware of any legal proceedings regarding the State Court Hague Case until November 19, 2024.

6. Petitioner's Petition asserts the claim that Respondent "wrongfully removed" the Minor Child from the country of Italy under the Treaty and ICARA. (*See* Petition and corresponding state court filings attached hereto as **Exhibits B - E**).

---

[1] In California, if a Petitioner pursues a Hague Convention case in the State Court of California, it is brought on the Petitioner's behalf by the District Attorney.

7. This Court has original jurisdiction based on the existence of a federal question. *See* 28 U.S.C. §1331 (granting federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"); *see also*, City of Oakland v. BP PLC, 969 F.3d 895, 903 (9th Cir. 2020) ("…a civil action arises under federal law for purposes of §1331 jurisdiction when a federal question appears on the face of the complaint."). This action arises under the Treaty and the Treaty's federal implementing legislation, ICARA. *See* **Exhibit A**. The action only involves the federal question; there are no other claims. *See* **Exhibit B**. The federal question appears on the face of Petitioner's Complaint. *Id*. The action is therefore removeable. *See* 28 U.S.C. §§1331, 1441(a).

8. This Notice of Removal is filed within thirty (30) days after the District Attorney emailed Respondent a copy of the Petition for Return and related papers, even though proper service on Respondent has never been made. *See* 28 U.S.C. §1446(a), (b).

9. Promptly after filing this Notice of Removal, Respondent will file a Notice of Filing of Notice of Removal with the State Court. *See* 28 U.S.C. §1446(d).

## FACTS[2] AND LAW SUPPORTING REMOVAL

10. The parties are the parents of a one (1) year old minor child, E.J.N., born February 13, 2024 (the "Child" or "Minor Child"). The parties hereto are not, and have never been, married.

11. Respondent and the minor child are United States citizens and Petitioner is an Italian citizen.

12. The parties traveled from Italy to the United States of America on January 28, 2024 (prior to the Child's birth) to be with family in the United States.

13. On February 13, 2024 the Minor Child was born in the United States in Cincinnati, Ohio.

---

[2] Only facts relevant to provide context for this Notice of Removal are included here. The Respondent shall expand upon the facts stated in this Notice of Removal in his responsive pleading to the Petitioner's Petition for Return, and in any further pleadings, papers, and testimony in this action.

14. The Petitioner, Respondent and minor child lived in the United States in Union, Kentucky from February 13, 2024 to March 17, 2024.

15. On March 17, 2024, the parties then temporarily went back to Italy so that the Petitioner could see her children from another relationship in Italy.

16. The Petitioner and Respondent had a shared intent on returning back to the United States after a few weeks to permanently live in the United States.

17. While in Italy, the parties discussed and planned to live in the United States including had discussions relating to and performed actions relating to job hunting, the purchase of real estate, etc. The parties also had discussions with their respective families and friends about immediately returning to the United States.

18. The Respondent returned to the United States with the minor child on August 30, 2024.

19. Over the course of the parties' relationship, while in Italy, Petitioner engaged in physical and psychological violence against Respondent and the Minor Child and coercive control against Respondent, including threats and ultimately actions to take her own life while in the presence of the Minor Child, simultaneously putting the Child at serious risk of physical danger and potential death. Petitioner's suicidal and abusive behaviors escalated significantly during Petitioner's pregnancy and after the Child's birth in February of 2024.

20. As of the date of filing this Notice of Removal, Respondent asserts the following Treaty defenses to the Petitioner's Petition for Return of the Child to Italy:

    A. The Minor Child's habitual residence is the United States of America;

    B. Italy never became the minor child's habitual residence and was not the child's habitual residence at the time of the alleged wrongful removal; and

    C. There is a grave risk that the Minor Child will be exposed to physical or psychological harm or otherwise placed in an intolerable living situation if returned to Italy.

21. This action involves only a federal question. *See* 28 U.S.C. §§1331, 1441(a). The only claim asserted by the Petitioner is "wrongful removal or retention" under the Treaty and ICARA. See **Exhibit A**. The suit is therefore removable. *See* U.S.C. §§1331, 1441(a).

22. As required by 28 U.S.C. 1446(a), true and legible copies of all process, pleadings, papers, and orders, which have been served to Respondent by the District Attorney in this matter, are included in Exhibit A to B of the instant Notice of Removal. This Notice of Removal is filed within thirty (30) days thereafter. *See* 28 U.S.C. §1446(a), (b).

23. Promptly after filing this Notice of Removal, Respondent will file a Notice of Filing of Notice of Removal with the State Court. *See* 28 U.S.C. §1446(d).

24. Venue in this Court is proper pursuant to 28 U.S.C. §1441(a) and ICARA §9003(b). This Court is the federal judicial district within which Orange County is located, the Petitioner's action was originally filed in the State Court in Orange County, and the Minor Child is located in Orange County.

WHEREFORE, the Respondent, Eric Howard Nichols, respectfully submits that based on the allegations set forth in this Notice of Removal, this action is properly removed, and respectfully requests that this Court retain jurisdiction over this action.

DATED: November 21, 2024          YALE & BAUMGARTEN, LLP

*/s/ David W. Baumgarten*

David W. Baumgarten, Attorney for Respondent