Nathan Brodnax, Esq. SBN 255285
VICTOREM LAW GROUP, PC
18685 Main Street, Suite 101-422
Huntington Beach, California 92648
Tel.: (888) 529-2296
Fax: (714) 908-7700
Email: N.Brodnax@victoremlaw.com

Anthony G. Joseph, Esq. SBN 6303632
Erin E. Masters, Esq. SBN 6283476
Hailey M. McGillivray, Esq. SBN 6342302
MASTERS LAW GROUP, LLC
110 North Wacker Drive, Suite 2500
Chicago, Illinois 60606
Phone: (312) 609-1700

Attorneys for Respondent

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| CLAUDIA CIAMPA,<br><br>Petitioner,<br><br>vs.<br><br>ERIC HOWARD NICHOLS,<br><br>Respondent. | Case No. 24-cv-02556<br><br>**RESPONSE TO NOTICE OF PETITIONER'S OBJECTIONS TO REMOVAL TO FEDERAL COURT**<br><br>Date: Jan 6, 2025 Time: 8:30 AM<br><br>Assigned to Judge David O. Carter<br><br>Date Action Filed: November 21, 2024 |

NOW COMES the Respondent, Eric Howard Nichols ("Respondent"), by and through his undersigned counsel, and in response to *Petitioner's Objections to Removal to Federal Court* pursuant to 28 U.S.C. §1441 *et seq.*, the Respondent respectfully states as follows:

## BACKGROUND

1. On October 24, 2024, the Orange County Superior Court entered an Emergency Ex Parte Order issuing a Protective Custody Warrant for the Minor Child, E.J.N., born February 13, 2024.

2. Respondent was never served anything including the summons, the Petition for Return, or any other pleadings, papers or orders in the State Court Hague Case on the Respondent

until November 19, 2024, when various members of the Sheriff's Department of Orange County hand-delivered said documents to him.

3. Respondent was not aware of any legal proceedings in state court regarding any Hague Convention matter until November 19, 2024.

4. On November 22, 2024, after attending the second court appearance addressing the Hague matter in forty-eight hours, the Court scheduled an evidentiary hearing on November 24, 25, and 26, 2024, over the objection of the Respondent and his counsel, and with only two (2) days permitted to prepare for the same.

5. No written or oral discovery was issued or conducted in this matter given the state court providing just two (2) days in between the court appearance at which it scheduled the trial.

6. No settlement conferences, status conferences or reports, or stipulations were discussed between counsel for the parties or filed with the court.

7. No response or affirmative defenses were formally filed by Respondent nor was he given a meaningful opportunity to do so given the timeframe of Respondent's first court appearance occurring just three (3) days before the Superior Court's evidentiary hearing was scheduled to take place.

8. On November 26, 2024, Respondent timely filed a Notice of Removal to federal Court within the requisite thirty (30) days after the District Attorney emailed the Respondent a copy of the state filed Petition for Return and related papers, though they were never properly served. (See *Dkt. No. 1*).

9. Promptly after filing the Notice of Removal with this Honorable Court, a Notice of Filing of Notice of Removal was filed with the state court pursuant to 28 U.S.C. §1446(d).

10. On December 1, 2024, Petitioner filed a *Notice of Petitioner's Objection to Removal to Federal Court*. This Honorable Court subsequently scheduled a Hearing on Petitioner's objections to take place on January 6, 2025.

11. Per this Honorable Court's Local Rule 7-9, oppositions to motions are due twenty-one (21) days before a hearing, which would have been December 16, 2024, based on the scheduled hearing.

12. Due only to the timeframe between notice of the January 6, 2025, hearing and lack of an order requiring a response be filed, Respondent is filing his opposition to the objections within the twenty-one (21) days prior to the scheduled hearing.

## LEGAL AUTHORITY

13. The primary grounds for remanding a case from federal court to state court are a lack of subject matter jurisdiction and/or defects in the removal procedure. Although some non-statutory grounds such as abstention may justify remand, a district court may not remand a case on grounds not specified in the removal statute. 28 U.S.C. §1441 *et seq.*

14. The Petitioner cites what is known as the "Younger Abstention Doctrine" in their legal reasoning for why this matter should be remanded to state court. It is important to note that abstention from the exercise of federal jurisdiction is the exception, not the rule, and is typically applied to avoid interference with state court proceedings or to respect principles of comity and federalism. *SKS & Assocs. V. Dart*, 619 F.3d 674.

15. The case of *Ryan v. State Bd. Of Elections* further emphasizes that a federal court with jurisdiction over a removed case may not remand it on discretionary grounds unless recognized by the controlling statute. *Ryan v. State Bd. of Elections*, 661 F.2d 1130. Importantly, the court emphasized that abstention is not a recognized ground for remand under *28 U.S.C. § 1447 (c)*, and thus, remanding a case based on abstention is without authority and in error. *Id*. at 1130.

16. It is also relevant that the application of abstention doctrines is narrow and should be exercised with caution. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706; see also *McAdams v. Daedong Indus. Co.*, 2019 U.S. Dist. Lexis 72714. The Supreme Court in *Quackenbush* clarified that abstention-based remands are inappropriate in suits seeking non-discretionary money damages. *Quackenbush* at 706.

17. The state proceedings must also provide an adequate forum to raise federal claims. If the state court does not provide a meaningful opportunity to present federal issues, abstention is inappropriate. This ensures that parties have a venue to address their federal rights and claims adequately. *Arevalo v. Hennessy*, 882 F. 3d 763. Likewise, the state proceedings must involve

important state interests. *Kanciper v. Suffolk County SPCA, Inc.*, 925 F. Supp. 2d 379; *see also Cohen v. Twp. Of Cheltenham*, 174 F. Supp. 2d 307.

18. Lastly, extraordinary circumstances can make abstention inappropriate. In *Jernigan v. Crane*, 64 F. Supp. 3d 1260, the court highlighted that Younger Abstention is limited to three exceptional categories, namely, (1) state criminal prosecutions; (2) certain state civil proceedings akin to criminal prosecutions; and (3) civil proceedings involving orders uniquely in furtherance of state courts' judicial functions. *Jernigan v. Crane*, 64 F. Supp. 3d 1260. If the case does not fall within these categories, the Younger Abstention Doctrine should *not* apply.

## ARGUMENT

19. This Court has original jurisdiction based on the existence of a federal question. See 28 U.S.C. §1331 (granting federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States"); see also, City of Oakland v. BP PLC, 969 F.3d 895, 903 (9th Cir. 2020) ("…a civil action arises under federal law for purposes of §1331 jurisdiction when a federal question appears on the face of the complaint.").

20. Venue in this Court is proper pursuant to 28 U.S.C. §1441(a) and ICARA §9003(b). This Court is the federal judicial district within which Orange County is located, the Petitioner's action was originally filed in the State Court in Orange County, and the Minor Child is located in Orange County.

21. In the present case, the state court proceedings have not and do not involve important state interests. The proceedings in state court referenced by the Petitioner hereto began as ex parte proceedings and the Court did not have an opportunity to familiarize itself with the facts of the case given that no answer or affirmative defenses were filed by Respondent, no discovery was conducted, no opportunity to introduce witness or exhibit lists was provided, and no time to meaningfully review Petitioner's pleadings or prepare for a hearing on the same was provided.

22. Further, Respondent's tentative affirmative defenses were included and have only been included in the federally filed Notice of Removal which resulted in the instant case. (See *Dkt. No. 1*).

23. Likewise, the state court proceedings addressed custody issues such as visitation with the minor child and where the minor child will temporarily reside as opposed to issues amounting to the federal question of whether the child should remain in the United States or return to Italy.

24. The state court proceedings did not meaningfully address the Hague proceedings and could not have done so in such a short period of time.

25. This Court is the appropriate forum to address the significant federal questions needing to be addressed that will ultimately require substantial oral and written discovery to take place and be reviewed in order to properly prepare for an evidentiary hearing and present the necessary facts, testimony, and documented evidence to the Court.

26. Federal Rules of Evidence and Civil Procedure must be followed and considered in preparing for a subsequent evidentiary hearing, and merely scheduling a hearing three (3) days after an initial court appearance over the objections of the Respondent and without conducting any discovery or even having an opportunity to file a response does not constitute intimate involvement.

27. In fact, the time from when Respondent was initially emailed any documents related to the case (though not properly served) to the time the evidentiary hearing was scheduled to begin being only one (1) week, clearly show the state proceedings did not and cannot provide an adequate forum to raise federal claims as the state court did not provide the requisite meaningful opportunity to present federal issues, making abstention in this case completely inappropriate.

28. The extraordinary circumstances required to apply abstention in this case are clearly not present. Although there were ongoing state proceedings addressing Petitioner's Petition for Return, the state proceedings did not involve important state interests, as the Petition for Return addresses solely a federal question, and does not interfere with the state court's ability to subsequently address custody issues if appropriate.

29. As addressed above, the Abstention Doctrine is the exception, *not* the rule, and the carefully crafted and narrowly delineated exception is not applicable in this case, which is properly before this Court.

30. For these reasons, this Honorable Court should maintain jurisdiction over this matter which is properly before the Court.

### REQUEST FOR RELIEF

**WHEREFORE**, the Respondent, Eric Howard Nichols, respectfully submits that based on the responses set forth in this *Response to Petitioner's Objections to Removal*, and respectfully requests that this Court retain jurisdiction over this action.

Respectfully submitted,

/s/ *Nathan Brodnax, Esq.*

Attorney for Respondent

Dated: December 27, 2024

Nathan Brodnax, Esq. SBN 255285
VICTOREM LAW GROUP, PC
18685 Main Street, Suite 101-422
Huntington Beach, California 92648
Tel.: (888) 529-2296
Fax: (714) 908-7700
Email: N.Brodnax@victoremlaw.com

Masters Law Group, LLC
Anthony G. Joseph, Esq. SBN 6303632
Erin E. Masters, Esq. SBN 6283476
Hailey M. McGillivray, Esq. SBN 6342302
110 North Wacker Drive, Suite 2500
Chicago, Illinois 60606
Phone: (312) 609-1700