DAVID DWORAKOWSKI, CFLS, CALS (SBN: 135285)
STEPHANE QUINN, CFLS (SBN: 278188)
**QUINN & DWORAKOWSKI, LLP**
2050 Main Street, 6th Floor, Suite 600
Irvine, California   92614
Telephone: (949) 660-1400

*Attorneys for Petitioner CLAUDIA CIAMPA*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DISTRICT**

| | |
|---|---|
| CLAUDIA CIAMPA.<br><br>*Petitioner,*<br><br>vs.<br><br>ERIC HOWARD NICHOLS,<br><br>*Respondent.* | CASE NO.: 8:24-cv-02556-DOC-ADS<br><br>**PETITIONER'S SUMMARY OF EVIDENCE SUPPORTING HAGUE CONVENTION ARGUMENTS** |

Pursuant to the Court's January 15, 2025, Orders, Petitioner submits the following summary of evidence establishing a prima facie case of the child's wrongful removal or retention by Respondent, proven by a preponderance of the evidence.

a. <u>Petitioner's Affidavit</u>

At trial, Petitioner will testify consistent with her filed affidavit, that the minor child Ethan's habitual residence is in Italy, and that on August 30, 2024, during his scheduled visitation, Respondent, without justification or consent, abducted Ethan and wrongfully removed him from his homeland in Italy. The relationships and agreements between the parties further demonstrate that

Respondent violated the custodial arrangements, necessitating judicial intervention to return Ethan to his home in Italy.

b. <u>The Petition Under the Hague Convention filed 10/24/2024 in Orange County Superior Court.</u>

**Summary of Evidence Supporting Hague Convention Arguments**

1. <u>Relationship of the Parties</u>:
   - In 2011, Petitioner, an Italian national, met Respondent, a United States citizen, in Sorrento, Italy. At the time, Petitioner had a five-year-old daughter from a prior relationship.
   - Petitioner and Respondent initially became friends and later entered into a romantic relationship, which ended after about a year.
   - Afterward, Petitioner married another man and had two children during that marriage. Following nine years of marriage, Petitioner and her husband divorced.
   - Petitioner and Respondent later reconnected in Italy, where their relationship deepened, and Petitioner became pregnant with their son, Ethan, the subject of this case.

2. <u>Habitual Residence</u>:
   - Ethan was born on February 13, 2024, in Cincinnati, Ohio, after Petitioner agreed to Respondent's request to give birth in the United States due to his belief that U.S. hospitals were better equipped for the delivery.
   - The parties booked round-trip tickets, with a clear agreement that the trip to the United States was temporary, lasting from January 26, 2024, through March 18, 2024.
   - The family, including Ethan, returned to their home in Italy on March 18, 2024, establishing Italy as Ethan's habitual residence.

3. <u>Parental Agreements and Visitation</u>:
   - After the relationship between Petitioner and Respondent ended on August 5, 2024, they agreed on a visitation schedule. Initially, Respondent was allowed to visit Ethan twice daily, but this was later adjusted to mornings only, from 8:00 to 10:00 a.m., to better suit Ethan's needs.
   - Respondent explicitly agreed that Ethan's United States passport would remain in Petitioner's care during his visitation, reaffirming Petitioner's primary custodial authority.

4. <u>Wrongful Removal</u>:
   - On August 30, 2024, during his scheduled visitation, Respondent refused to turn over Ethan's passport to Petitioner and failed to return Ethan at the agreed time of 10:00 a.m.
   - Respondent sent Petitioner misleading WhatsApp messages, falsely claiming he would return Ethan soon and pretending he was still in Italy. However, he had already departed from Brindisi Airport for the United States via London.
   - At the time, Ethan was only six months old, exclusively breastfeeding, and reliant on Petitioner for his care.

5. <u>Efforts to Locate Ethan</u>:
   - Petitioner promptly filed a police report on August 30, 2024, upon realizing that Respondent had abducted Ethan.
   - On September 5, 2024, Petitioner signed the Hague Convention application, and the Italian Central Authority worked with the U.S. Department of Justice to assist in locating Ethan.
   - It was determined that Respondent may have been residing in Mesa, Arizona, with friends. Further legal action resulted in the

issuance of an Emergency Ex Parte Order and a Protective Custody Warrant on October 24, 2024.

6. <u>Timeliness of Action</u>:

Petitioner acted swiftly, filing her Hague Convention application and seeking legal intervention within weeks of Ethan's wrongful removal.

<u>Conclusion</u>

Petitioner's declaration provides clear evidence that Ethan's habitual residence is in Italy, that his removal by Respondent was wrongful under the Hague Convention, and that Petitioner took immediate and appropriate steps to secure Ethan's return. The relationships and agreements between the parties further demonstrate that Respondent violated the custodial arrangements, necessitating judicial intervention to return Ethan to his home in Italy.

Date: January 20, 2025                                  *Respectfully Submitted*,

QUINN & DWORAKOWSKI LLP.

_____
DAVID DWORAKOWSKI
*Certified Family Law Specialist*
*Certified Appellate Law Specialist*
*Counsel for Petitioner-Mother*

**PROOF OF SERVICE**

Case Name: *Ciampa v. Nichols*

USDC Case No. 24-CV-2556-DOC-ADS

I, the undersigned, am over the age of eighteen years and am a resident of Orange County, California; I am not a party to the above-entitled action; my business address is 2050 Main Street, Suite 600, Irvine, CA 92614.

On January 20, 2025, I electronically submitted for filing PETITIONER'S SUMMARY OF EVIDENCE SUPPORTING HAGUE CONVENTION ARGUMENTS with the Clerk of the Court using the District Court's online filing service.

On January 20, 2025, I served a true and correct copy of the PETITIONER'S CERTIFICATION AND NOTICE OF INTERESTED PARTIES on the following interested parties by electronic mail:

David W. Baumgarten, Esq.
Yale & Baumgarten, LLP.
Attorneys for Respondent/Father
1450 Frazee Rd. Ste. 403
San Diego, CA 92108
baum@yblaw.com

I declare under penalty of perjury that the foregoing is true and correct. Executed this 20th of January 2025, at Irvine, California.

/s/Stephane Quinn
Stephane Quinn *CFLS*